# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUNNE KOH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-289-D |
| | ) | |
| JOHN FOX, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, a federal prisoner appearing pro se, brought this action alleging a deprivation of his constitutional right against cruel and unusual punishment under the Eighth Amendment. The matter was referred to United States Magistrate Judge Charles B. Goodwin for initial proceedings consistent with 28 U.S.C. § 636(b). On June 28, 2018, Judge Goodwin issued a Report and Recommendation ("R&R" or "Report") [Doc. No. 9] recommending that Plaintiff's Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff timely filed his objection to the R&R [Doc. No. 10]. Exercising de novo review, and as stated more fully below, the Court adopts the R&R in its entirety.

## BACKGROUND

The events leading to Plaintiff's claims occurred while he was temporarily housed at the Federal Transfer Center (FTC) in Oklahoma City, Oklahoma. Plaintiff alleges he was subject to conditions that violated the Eighth Amendment's ban on

cruel and unusual punishment; specifically, Plaintiff's Complaint alleges that he asked Defendant for: (1) a jacket to go to the outside yard; (2) two blankets instead of one; (3) the ability to mail a letter every weekday instead of Wednesday only; (4) a bigger holding room; and (5) a shorter holding period of time when arriving or leaving the FTC. *See* Amend. Compl. at 1. Plaintiff further contends that inmates arriving or departing the FTC are "placed in a holding cell for several hours that is too noisy and crowded like a chicken cage." *Id*. Plaintiff alleges he attempted to discuss these conditions with Defendant, but Defendant denied his requests and further stated there would be no changes to the FTC's current procedures. *Id*. at 1-2. Plaintiff contends Defendant's actions were "motivated by evil motive or intent and involved reckless or callous indifference to Plaintiff's rights." *Id*. at 3-4. Plaintiff requests monetary damages and injunctive relief. *Id*. at 4.

Judge Goodwin conducted an initial review of Plaintiff's Complaint to identify any cognizable claims. *See* 28 U.S.C. § 1915(e)(2)(B) (noting a pro se complaint may be dismissed on initial review if the claim is malicious or frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief). Upon conducting such review, Judge Goodwin determined that Plaintiff's allegations were "sparse" and "fail[ed], at a minimum, to raise a plausible inference that he suffered any 'sufficiently serious' deprivation while housed at [the] FTC." R&R at 4. Regarding Plaintiff's request for

2

a jacket and extra blanket, Judge Goodwin held the Complaint offered no additional factual contentions and thus "[did] not plausibly show that [Plaintiff] suffered anything more than discomfort while at FTC." *Id*. Regarding Plaintiff's contentions of crowded facilities, Judge Goodwin found such allegations were not "sufficiently serious" as to constitute an Eighth Amendment violation. R&R at 4-5. Lastly, Judge Goodwin found Plaintiff's allegations regarding the mail system were not "extreme deprivations" and did not state a plausible cause of action under the amendment. *Id*. at 5.

## STANDARD OF DECISION

When a magistrate judge issues a recommendation on a dispositive matter, the Court is required to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the Court may accept, reject, or modify the recommendation, receive further evidence, or return the matter to the magistrate judge with instructions. *See id*.; *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

A pro se litigant's pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018). Nonetheless, the Tenth Circuit has repeatedly insisted that pro se parties follow the same rules of procedure that govern

3

other litigants. *Id.* (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Thus, the broad construction a pro se plaintiff's pleadings are afforded does not "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996) (citation omitted).

Pursuant to the seminal decisions of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

The "plausibility" standard announced in *Twombly* and *Iqbal* is not considered a "heightened" standard of pleading, but rather a "refined standard," which the Tenth Circuit has defined as "refer[ring] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent, then the plaintiff[] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). The Tenth Circuit has noted that the nature and specificity of the allegations required to state a plausible claim will vary based on context. *Robbins*, 519 F.3d at 1248. "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *See id*. at 1247.

## DISCUSSION

The Eighth Amendment protects a prisoner from a prison official's "deliberate indifference" to a substantial risk of serious harm," as well as the intentional use of excessive force. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Prison officials are not obligated to absolutely guarantee the safety of their prisoners, but they are responsible for taking reasonable measures to insure an inmate's safety. *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999). In this regard, an Eighth Amendment claim consists of two elements. First, the prison official must cause an injury that, objectively, is "sufficiently serious," i.e., an injury that equates to the "denial of the minimal civilized measure of life's necessities." Second, under a subjective analysis,

the official must have a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

Here, Plaintiff's allegations are insufficient to state a "sufficiently serious deprivation" resulting from his conditions of confinement at the FTC. First, Plaintiff alleges that Defendant denied his request for a jacket to visit the outside yard and his request for two blankets instead of one. Amend. Compl. at 1. Plaintiff offers no factual averments indicating he suffered serious harm to his health or safety resulting from the denial of a jacket or extra blanket. Although Plaintiff's Objection indicates he was subjected to below freezing temperatures, the Court is guided by the allegations of the *Complaint*, and Plaintiff has failed to allege any facts showing that these deprivations posed a threat or risk of serious harm to his health or safety.

With respect to Plaintiff's request to mail a letter every weekday instead of every Wednesday, Plaintiff again fails to sufficiently allege a "sufficiently serious" deprivation. "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society … only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and internal quotations omitted). In the Court's view, limiting prisoners to sending mail one day per week is not an objectively "harsh" measure, much less a condition that is "cruel and unusual." *Compare Odom v. Tripp*, 575

F.Supp. 1491, 1493 (E.D. Mo. 1983) (holding prison's denial of Saturday mail delivery to inmates did not constitute cruel and unusual punishment).

Lastly, Plaintiff fails to state a "sufficiently serious" constitutional deprivation stemming from the allegation that he was placed in a noisy, crowded holding cell for several hours. "Mere discomfort or temporary adverse conditions which pose no risk to health or safety do not implicate the Eighth Amendment." *Whitington v. Ortiz*, 307 F. App'x 179, 187 (10th Cir. Jan. 13, 2009) (unpublished) (citing *Hudson*, 503 U.S. at 9). Plaintiff's Complaint indicates that his placement in the FTC was temporary and he does not allege such placement endangered his health and safety. The Eighth Amendment "does not mandate comfortable prisons," and prison conditions may be "restrictive and even harsh" without being unconstitutional. *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981). Accordingly, the Court finds Plaintiff has failed to allege an Eighth Amendment violation.

Because the Court finds Plaintiff has failed to establish the objective component of his Eighth Amendment claim, it need not address whether he has satisfied the subjective element. *See Hudson*, 503 U.S. at 20 ("We have never found a violation of the Eighth Amendment in the prison context when an inmate has failed to establish either of these elements.").

## CONCLUSION

The Court hereby **ADOPTS** the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation [Doc. No. 9] as though fully set forth herein. Plaintiff's Amended Complaint is **DISMISSED** without prejudice to refiling. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 31st day of July 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE